IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

SEP 0

CL...K, U...T

ANNA MARIE BARTLEY, *et. al.*,      )
                                    )
            Plaintiffs,             )
v.                                  )      ACTION NO. 1:08cv145
                                    )
MERRIFIELD TOWN CENTER              )
   LIMITED PARTNERSHIP,             )
                                    )
            Defendant.              )

### MEMORANDUM ORDER

THIS MATTER is before the Court on Defendant Merrifield Town Center Limited Partnership's Motion to Dismiss or, Alternatively, Motion to Drop Parties and/or to Sever Claims. This case involves the Plaintiffs's attempt to rescind their respective purchase agreements for residential condominium units in a new condominium development in Falls Church, Virginia. Four issues exist before the Court. First, whether Plaintiffs have stated a claim under the Interstate Land Sales Full Disclosure Act ("ILSFDA") upon which relief may be granted where Defendant Merrifield Town Center is exempt from the ILSFDA's disclosure requirements under the 100 Lot Exemption provision. Second, whether Plaintiffs have stated a claim under the Virginia Condominium Act upon which relief may be granted where disposition has yet to occur and Plaintiffs have failed to allege whether the purported material change in Defendant Merrifield's public offering statement adversely affected the Plaintiffs's bargains. Third, whether Plaintiffs have sufficiently stated a claim for common law rescission. Fourth, whether the joinder of

parties and claims in this action is improper.  The Court grants
Defendant Merrifield's Motion to Dismiss with respect to
Plaintiffs's claim under the ILSFDA because Merrifield is exempt
from the ILSFDA's general disclosure requirements pursuant to the
Act's 100 Lot Exemption and the specific disclosure requirements
of Section 1703(d) of the Act fall within the scope of the 100
Lot Exemption.  The Court grants Defendant Merrifield's Motion to
Dismiss with respect to Plaintiffs's claim under the Virginia
Condominium Act because disposition has yet to occur and
Plaintiffs failed to aver that the alleged material change in
Merrifield's public offering statement adversely effected each
plaintiff's bargain.  The Court grants Defendant Merrifield's
Motion to Dismiss with respect to Plaintiffs's common law
rescission claim because the purchase agreements contain
mutuality of obligation, Plaintiffs have provided no authority
that the inclusion of a liquidated damages clause and an option
to pursue action damages clause in the same provision renders the
purchase agreements unenforceable, and Plaintiffs have cited no
authority for their argument that the purchase agreements contain
an implicit contingency that the condominium units appraise at
their contract price.  Finally, the Court denies Defendant
Merrifield's alternative Motion to Drop Parties and/or to Server
Claims as moot.

## I.  BACKGROUND

Eight plaintiffs have joined together to initiate this
action against Defendant Merrifield in an attempt to rescind

2

their respective purchase agreements, executed in June and July 2005, for condominium units in a newly developed condominium complex in Falls Church, Virginia. At the time Plaintiffs entered into the purchase agreements, the condominium units were still under construction and delivery was estimated to occur within thirty-six months of the ratification date of the purchase agreements. In June 2006 some of the eight plaintiffs executed an amendment to their respective purchase agreements memorializing their color and upgrade selections. Included in the amendment was a provision changing the "Agreement Ratification Date." In the intervening months, our economy is in a tailspin, the real estate market softened, there is a surplus of available condominiums, and Plaintiffs assert, without objection from Defendant Merrifield, that the Merrifield condominium units have declined in value by at least twenty percent (20%) since Plaintiffs first executed their respective purchase agreements. Plaintiffs are now seeking to avoid their bargains by invoking the disclosure provisions of two consumer protection statutes, the Interstate Land Sales Full Disclosure Act and the Virginia Condominium Act, as well as the common law principles of rescission. Defendant Merrifield seeks to dismiss Plaintiffs's action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Alternatively, Defendant Merrifield moves the Court to drop or sever parties and/or claims.

## II.  DISCUSSION

### A.  Standard of Review

A Federal Rule of Civil Procedure 12(b)(6) motion should be granted unless an adequately stated claim is "supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007); *see* FED. R. CIV. P. 12(b)(6).  In considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true.  *Myland Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  In addition to the complaint, the court may also examine "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2509 (2007).  Conclusory allegations regarding the legal effect of the facts alleged need not be accepted.  *See Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995).  Because the central purpose of the complaint is to provide the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests," the plaintiff's legal allegations must be supported by some factual basis sufficient to allow the defendant to prepare a fair response. *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

4

B.   **Analysis**

   1.   <u>The Interstate Land Sales Full Disclosure Act</u>

   The Court grants Merrifield's Motion to Dismiss with respect to Plaintiffs's claim under the ILSFDA because Merrifield is exempt from the ILSFDA's general disclosure requirements pursuant to the Act's 100 Lot Exemption and the specific disclosure requirements of Section 1703(d) of the Act also fall within the scope of the 100 Lot Exemption.

   Enacted in 1968 as part of a comprehensive housing statute the Interstate Land Sales Full Disclosure Act is a consumer protection statute designed to prohibit and punish fraud in land development enterprises. *McCown v. Heidler*, 527 F.2d 204, 207 (10th Cir. 1975); Public Law 90-488, 82 Stat. 476. To ensure consumers are protected from fraudulent land sales, ILSFDA requires developers to inform buyers, prior to the purchase of subdivision lots, of facts which would enable a reasonably prudent individual to make an informed decision about purchasing the property. *Paquin v. Four Season of Tenn., Inc.*, 519 F.2d 1105, 1109 (5th Cir. 1975). Failure to comply with ILSFDA's requirements triggers the Act's revocation provisions.

   Specifically, ILSFDA requires developers to register subdivisions with the Department of Housing and Urban Development ("HUD") by filing a statement of record. 15 U.S.C. § 1704. The statement of record must contain numerous disclosures, including the identification of interested persons, a legal description of the entire property, the condition of title, the price of the

5

lots being sold, and a description of the access, nuisances, utilities, consequences of any encumbrances, and liens. 15 U.S.C. § 1705. Developers are also required to attach several documents to the statement of record, including the articles of incorporation, the deed, and forms of conveyance. *Id.* ILSFDA prohibits developers from selling or leasing lots or units within the subdivision unless a statement of record is on file with HUD and a printed property report is furnished to the buyer. 15 U.S.C. § 1703(a)(1). The property report must contain the information disclosed in the statement of record. 15 U.S.C. § 1707. In addition to the general disclosures contained in the property report, ILSFDA requires developers to provide buyers with a specific description of the lot being purchased and to inform them of the consequences and remedies of default by either the buyer or the seller. 15 U.S.C. § 1703(d). A buyer may revoke a purchase agreement within two years of the agreement's execution if the developer fails to provide the buyer with these additional specific disclosures in advance of execution. 15 U.S.C. § 1703(c)-(d). A buyer may bring an action at law or in equity against a developer to enforce his or her rights under the ILSFDA, and courts may order damages and other equitable relief, in addition to revoking the purchase agreement if a developer is found to be in default of its responsibilities under the Act. 15 U.S.C. § 1709.

Several exceptions to these disclosure requirements exist. *See generally* 15 U.S.C. § 1702. Section 1702(b) provides that,

6

> the provisions requiring registration and
> disclosure (as specified in section 1703(a)(1) of
> this title and sections 1704 through 1707 of this
> title) shall not apply to - (1) the sale or lease
> of lots in a subdivision containing fewer than one
> hundred lots which are not exempt under subsection
> (a) of this section; . . . .

15 U.S.C. § 1702(b).

It is undisputed that Merrifield invoked the 100 Lot
Exemption by selling 97 units with delivery dates 36 months from
the date the buyers ratified their respective purchase
agreements.  Plaintiffs contend, however, that invocation of the
100 Lot Exemption does not relieve Merrifield of its obligation
to provide the specific disclosures required by Section 1703(d)
because the 100 Lot Exemption specifically enumerates the
applicable statutory provisions and, given that Section 1703(d)
is not listed among those enumerated provisions, the disclosures
mandated by Section 1703(d) fall outside the scope of the
exemption.  In support of their position, Plaintiffs cite to
three cases from the Southern District of Florida.  (*See* Pls.'s
Mem. Supp. 6).  In *Pugliese v. Pukka Dev., Inc.*, a magistrate
judge held that a developer who was exempt from ILSFDA's general
registration and disclosure requirements was nevertheless
required to provide the specific disclosures mandated in Section
1703(d) because, in its view, Section 1702(b)'s enumeration of
specific disclosure provisions should not be altered by an all-
inclusive reading of Section 1703(d)'s exemption reference.  524
F. Supp. 2d 1370, 1373 (S.D. Fla. 2007).  To do so, would, in the
magistrate judge's view, disserve the Act's remedial purpose of

7

protecting consumers.  *Id.*   The district court affirmed *Pugliese*

in *Meridian Ventures, LLC v. One North Ocean, LLC*, 538 F. Supp.

2d. 1359 (S.D. Fla. 2008), and reaffirmed its position in *Trotta*

*v. Lighthouse Point Land Co., LLC*, 551 F. Supp. 2d 1359 (S.D.

Fla. 2008).

   The Court is unpersuaded by Plaintiffs's reliance on this

trilogy of cases from the Southern District of Florida because

the Florida court's holdings effectively render the exemptions in

Section 1702 meaningless.   Section 1703(d) provides, in relevant

part, "Any contract or agreement which is for the sale or lease

of a lot <u>not exempt under section 1702 of this title</u> . . . may be

revoked at the option of the purchaser or lessee for two years

from the date of the signing . . . ."   15 U.S.C. § 1703(d)

(emphasis added).   The plain language of Section 1703(d) does not

distinguish between the exemptions enumerated in Section 1702(a)

and the exemptions enumerated in Section 1702(b), despite the

absence of any reference to particular disclosure provisions in

Section 1702(a).   Congress's failure to distinguish between the

two subsections demonstrates its intent that Section 1703(d)

apply to all exemptions set forth in Section 1702, including the

exemptions contained subsection(b).   To hold otherwise would

contradict the plain and unambiguous language of Section 1703(d),

and would undermine Congress's manifested intent that developers

exempt under <u>any</u> provision of Section 1702 be free from the

specific disclosure obligations of Section 1703(d).   The Court

may not disregard such congressional intent in the face of plain

and unambiguous language. *See In re Subpoena Duces Tecum to AOL,*
*LLC,* 550 F. Supp. 2d 606, 609 (E.D. Va. 2008) (noting that when
the words of a statute are clear and unambiguous, the court's
inquiry into the interpretation of the statute ends and the
statutory language is regarded as conclusive). *See also Discover*
*Bank v. Vaden,* 396 F.3d 366, 369 (4th Cir. 2005)(where statutory
text is plain and unambiguous, the court's only duty is to
enforce the statute according to its terms).

    Plaintiffs also allege in their Amended Complaint that
Merrifield has engaged in a series of deceptive acts or
practices, including requiring some of the plaintiffs to execute
a color/option selection amendment, which was buried in a
provision purporting to amend the agreement ratification date as
a means of extending the promised delivery date, as well as
informing purchasers who have failed to sign an amendment that
their mere receipt of the amendment obligates them to its terms.
(Am. Compl. ¶¶ 6, 24.)  Defendant Merrifield asserts in its
memorandum supporting its Motion to Dismiss that the amended
color/option agreements do not constitute a deceptive practice
because the Plaintiffs were free to refuse to sign them and the
language amending the ratification date was placed above the
signature line.  Plaintiffs do not address this argument, or
otherwise mention their deceptive practice allegation, in their
memorandum in opposition to Merrifield's motion.  Thus,
Plaintiffs have abandoned their deceptive practices argument.

    Alternatively, Plaintiffs's allegations regarding deceptive

practices are insufficient to sustain their claim under ILSFDA.
Plaintiffs allegation that Merrifield required them to execute
the amended color/option agreement in order to extend the
ratification date of the purchase agreements has no bearing on
Merrifield's ability to evade the requirements of ILSFDA because
the 100 Lot Exemption does not cap or otherwise limit the date of
delivery, unlike the two year exemption found in Section 1702(a).
*See* 15 U.S.C. § 1702(b).  Further, by amending the ratification
date of the purchase agreements, the execution of the
color/option agreement extends the Plaintiffs's rights under the
ILSFDA by restarting the clock on the Act's revocation remedies.
This extension of time benefits Plaintiffs, not Merrifield, as
Plaintiffs's potential right of revocation would have otherwise
expired in June and July of 2007 – a full six months before
Plaintiffs initiated this lawsuit.  Accordingly, the Court grants
Merrifield's Motion to Dismiss Plaintiffs's claim under the
ILSFDA.

> 2.    The Virginia Condominium Act

The Court grants Merrifield's Motion to Dismiss Plaintiffs's
declaratory judgment claim under the Virginia Condominium Act
because disposition has yet to occur and Plaintiffs failed to
assert that the alleged material change in Merrifield's public
offering statement adversely effected each plaintiff's bargain.

In Count II of Plaintiffs's Amended Complaint, Plaintiffs
seek a declaration that their respective purchase agreements are
void or voidable under Virginia's Condominium Act or that they

have the right to rescind the agreements.  Plaintiffs allege that
Merrifield violated Virginia Code § 55-79.88(2)[1] of the Virginia
Condominium Act by failing to provide them with a current and
recorded public offering statement[2] at the time they executed
their respective purchase agreements and subsequent amendments to
the purchase agreements.  Plaintiffs contend the public offering
statement provided by Merrifield at the time they signed their
respective public agreements and amendments was not current
because it identified Phase 2 of the condominium project and
contained a common element table, which, Plaintiffs assert,
represents a material change from the developer's recorded

_____

[1]Virginia Code § 55-79.88(2) provides in relevant part:

> No declarant may dispose of any interest in a
> condominium unit unless he delivers to the
> purchaser a current public offering statement
> by the time of such disposition and such
> disposition is expressly and without
> qualification or condition subject to
> cancellation by the purchaser within ten
> calendar days from the contract date of the
> disposition, or delivery of the current public
> offering statement, whichever is later.

Va. Code Ann. § 55-79.88(2) (2003).

[2]A public offering statement contains disclosures similar to
those required under the Interstate Land Sales Full Disclosure
Act.  The Virginia Condominium Act requires a condominium seller
to include the following in a public offering statement: a
description of the condominium, a statement of the total number
of units, copies of the declaration and bylaws, copies of any
management contracts, a description of the status of
construction, a description of the significant terms of any
encumbrances, easements, liens and matters of title, a
description of any significant terms of financing, provisions of
any warranties, and a statement that the buyer may cancel the
purchase agreement within 10 days of delivery of a current public
offering statement. Va. Code Ann. § 55-79.90 (2003).

11

Declaration.

As an initial matter, Merrifield argues that Plaintiffs
claim under Virginia's Condominium Act is based on past conduct
and thus, is not appropriate for declaratory relief. Merrifield
urges the Court to exercise its discretion and refuse to grant
declaratory relief. The Declaratory Judgment Act, 28 U.S.C. §
2201(a), provides that district courts "may declare the rights
and other legal relations of any interested party seeking such
declaration[.]" *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d
488, 493 (4th Cir. 1988) (citing 28 U.S.C. § 2201(a)). "This
power has consistently been considered discretionary."
*Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 256 (4th Cir.
1996). Thus, "district courts have great latitude in determining
whether to assert jurisdiction over declaratory judgment
actions." *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 322 .
(4th Cir. 1937). That said, it is well established in the Fourth
Circuit that a declaratory judgment is appropriate "'when the
judgment will serve a useful purpose in clarifying and settling
the legal relations in issue, and . . . when it will terminate
and afford relief from the uncertainty, insecurity, and
controversy giving rise to the proceeding.'" *Centennial Life Ins.
Co.*, 88 F.3d at 256 (quoting *Aetna Cas & Sur. Co.*, 92 F.2d at
325).

Although the alleged conduct at issue prompting Plaintiffs's
attempt to rescind their respective purchase agreements occurred
in the past, rescission, the ultimate remedy Plaintiffs seek, has

12

not yet occurred.  A declaratory judgment will serve a useful

purpose in clarifying and settling the issue of rescission under

the Virginia Condominium Act.

Merrifield next argues that Plaintiffs have failed to state

a claim under the Virginia Condominium Act because the Act does

not require the developer to provide a current public offering

statement until "disposition" of the unit.  "Disposition" is

defined by the Act as "any voluntary transfer of a legal or

equitable interest in a condominium unit to a purchaser . . . ."

Va. Code § 55-79.41.  The purchase agreements at issue expressly

provide that "[e]quitable title shall remain vested in

[Merrifield] until delivery of the deed."  (Pls.' Mem. Opp'n Ex.

C ¶ 18.)  None of the plaintiffs have accepted delivery of the

deed to their respective condominium units.  Consequently,

disposition has not yet occurred and Merrifield is not required

to provide a current public offering statement under Virginia's

Condominium Act.[3]

Further, the Court notes that while Plaintiffs allege that

Merrifield's public offering statement contained a material

change justifying the invocation of the Act's 10 day rescission

provision, Plaintiffs do not allege that the purported material

change adversely affected their respective bargains.  Plaintiffs

are correct in their assertion that a public offering statement

is current so long as no material change occurs.  Va. Admin. Code

---

[3]The Court also notes that Plaintiffs do not rebut
Merrifield's argument in their memorandum in opposition; thus,
the Court finds that Plaintiffs have conceded the argument.

§ 135-30-690(A).  However, a buyer's 10-day rescission right
afforded by Virginia Code § 55-79.88 is renewed when a public
offering statement is amended if the amendment is material <u>and</u>
the amendment adversely affects the buyer's bargain.  Va. Admin.
Code § 135-30-690(D).  As Plaintiffs do not allege that
Merrifield's purported material change to the public offering
statement adversely affected their respective bargains,
Plaintiffs have failed to state a claim upon which relief may be
granted.  Accordingly, Merrifield's Motion to Dismiss with
respect to Count II of Plaintiffs's Amended Complaint is granted.

### 3.   Common Law Rescission

The Court grants Merrifield's Motion to Dismiss Count III of
Plaintiffs's Amended Complaint because the purchase agreements
contain mutuality of obligation, Plaintiffs have provided no
authority to support their argument that the inclusion of a
liquidated damages clause and an option to pursue action damages
clause in the same contractual provision renders the entire
purchase agreement unenforceable, and Plaintiffs have cited no
authority in support of their claim that the purchase agreements
contain an implicit contingency that the property appraise at its
contract price at the time of disposition.

Plaintiffs first allege in their Amended Complaint that
there is an absence of mutuality of remedy because Paragraph
31(b) of the purchase agreements waives Plaintiffs's right to
seek specific performance.  Under Virginia law, when two parties
have exchanged promises as consideration, each must be bound to

14

do or refrain from doing something.  *See C.G. Blake Co. v. W.R.
Smith & Son*, 133 S.E. 685, 688 (Va. 1926).  Thus, "[i]f it
appears that one party was never bound on its part to do the acts
which form the consideration for the promise of the other, there
is a lack of mutuality of obligation and the other party is not
bound."  *Busman v. Berren & Barry Invs., LLC*, 69 Va. Cir. 375
(2005).

Paragraph 31 of Plaintiffs's purchase agreements address
default.  Subsection (a) of the agreements provides that in
circumstances where the buyer defaults or otherwise breaches the
purchase agreement, Merrifield will retain all deposits as
liquidated damages and may pursue additional legal or equitable
remedies.  (Pls. Mem. Opp'n Ex. C).  Subsection (b) provides that
in circumstances where Merrifield defaults or otherwise breaches
the purchase agreement, the buyer's "sole remedy" is recovery of
his or her deposits with interest.  Subsection (b) also provides
that "IN NO EVENT WILL [MERRIFIELD] BE LIABLE FOR CONSEQUENTIAL
DAMAGES, DAMAGES BASED UPON ANY INCREASED VALUE OF THE UNIT, OR
DAMAGES FOR DELAYS . . . ."  (*Id.*)

Although subsection (b) limits the scope of the legal and
equitable remedies the buyer may pursue in the wake of
Merrifield's default or breach of the purchase agreement, it does
not foreclose the equitable remedy of specific performance.  The
emphasized language in subsection (b) qualifies the "sole remedy"
by expressly precluding monetary damages beyond recovery of
deposit monies plus interest.  This qualification renders

15

subsection (b) silent as to available equitable remedies and thus, does not preclude the buyer from pursuing the equitable remedy of specific performance.  The slight discrepancy in available remedies between the two parties does not amount to a lack of mutuality.  Both the buyers and Merrifield remain bound by the terms of the purchase agreements.

Plaintiffs next allege that they are entitled to rescind their respective purchase agreements because the inclusion of a liquidated damages clause in the same provision with an option to pursue additional damages renders their respective purchase agreements unenforceable.  In support of their argument, Plaintiffs assert that, twenty years ago, the Virginia Supreme Court contemplated such an outcome in dictim in its ruling in *Taylor v. Sanders*, 233 Va. 73, 75 (1987).  The Court finds Plaintiffs's argument and purported authority unpersuasive.

Lastly, Plaintiffs allege that their respective purchase agreements contain an implicit requirement that the condominium units appraise at their full contract price at the time of disposition.  However, Plaintiffs fail to identify which specific provision in the purchase agreements such an implicit requirement may be found.  Further, Plaintiffs cite no authority in support of their arguments that such an implicit requirement exists and that noncompliance renders the purchase agreements unenforceable. Accordingly, Plaintiffs have not stated a claim upon which relief may be granted with respect to Count III of their Amended Complaint; Merrifield's Motion to Dismiss is granted.

### 4.   Alternative Motion to Drop and/or Sever Claims

Having granted Merrifield's Motion to Dismiss, Merrifield's Alternative Motion to Drop/Sever Parties is moot.

### III.   Conclusion

The Court grants Defendant Merrifield Town Center Limited Partnership's Motion to Dismiss with respect to Plaintiffs's claim under the Interstate Land Sales Full Disclosure Act because Merrifield is exempt from the ILSFDA's general disclosure requirements pursuant to the Act's 100 Lot Exemption and the specific disclosure requirements of Section 1703(d) of the Act fall within the scope of the 100 Lot Exemption.  The Court grants Merrifield's Motion to Dismiss with respect to Plaintiffs's claim under the Virginia Condominium Act because disposition has yet to occur and Plaintiffs failed to aver that the alleged material change in Merrifield's public offering statement adversely effected each plaintiffs's bargain.  The Court grants Defendant Merrifield's Motion to Dismiss with respect to Plaintiffs's common law rescission claim because the purchase agreements contain mutuality of obligation, Plaintiffs have provided no persuasive authority that the inclusion of a liquidated damages clause an dan option to pursue action damages clause in the same contractual provision renders the purchase agreements unenforceable, and Plaintiffs have cited no authority to support their argument that the purchase agreements contain an implicit contingency that the condominium units appraise at their contract price.  Finally, the Court denies Merrifield's Alternative Motion

17

to Drop Parties and/or to Sever Claims as moot.

    From the foregoing, it is hereby

    ORDERED that Defendant Merrifield Town Center Limited
Partnership's Motion to Dismiss is GRANTED.  It is further

    ORDERED that Defendant Merrifield Town Center Limited
Partnership's Alternative Motion to Drop Parties and/or to Sever
Claims is DENIED as moot.

    The Clerk is directed to forward a copy of this Order to
Counsel.

    Entered this 30th day of September, 2008.

                              /s/
                          Gerald Bruce Lee
                          United States District Judge

Alexandria, Virginia
9/30/08

18